**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MARGARET LEWIS,

         *Plaintiff,*

v.

ABRAMS AND ASSOCIATES,
and MID AMERICA BANK & TRUST
COMPANY,

         *Defendants.*

_____/

Case No. 1:25-cv-12217

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## <u>REPORT AND RECOMMENDATION TO DISMISS CASE</u>

**I.**     <u>**RECOMMENDATION**</u>

For the following reasons, **IT IS RECOMMENDED** that this case be **DISMISSED** for failure to timely pay the filing fee. If adopted, this case would be **DISMISSED WITHOUT PREJUDICE**.

**II.**     <u>**REPORT**</u>

On July 16, 2025, Plaintiff filed a *pro se* complaint against Abrams and Associates and Mid America Bank & Trust Company. (ECF No. 1). At the time of filing, Plaintiff neither paid the required filing fee nor submitted an application to proceed *in forma pauperis* (IFP). As a result, on July 21, 2025, the Court issued a notice advising Plaintiff that she was required to either remit the filing fee or submit a proper application to proceed IFP no later than August 4, 2025, and warning that

1

failure to do so could result in dismissal of the action.  (ECF No. 2).

Plaintiff subsequently filed an application to proceed IFP within the allowed time; however, the application was incomplete.  (ECF No. 5).  Thereafter, the District Court referred this matter to the Undersigned for all pretrial proceedings, including review of Plaintiff's IFP application.  (ECF No. 6).

On August 11, 2025, the Undersigned entered an Order to Show Cause after determining that Plaintiff failed to cure the filing fee deficiency.  (ECF No. 7).  The Order explained that although Plaintiff had submitted an application to proceed IFP, the application was incomplete and did not provide sufficient information for the Court to assess Plaintiff's eligibility for IFP status.  (*Id.*).  Plaintiff was directed to either submit a corrected or supplemental application, or otherwise pay the filing fee, by September 2, 2025, and was expressly warned that failure to comply could result in dismissal of this action.  (*Id.*).

Plaintiff did not timely respond to the Order to Show Cause, did not submit a completed application to proceed IFP, and did not pay the required filing fee.  The Undersigned thereafter issued a Report and Recommendation recommending denial of Plaintiff's application to proceed IFP and directing Plaintiff to pay the filing fee if the recommendation were adopted.  (ECF No. 8).  The Court adopted the recommendation, denied IFP status, and ordered Plaintiff to pay the filing fee by December 5, 2025, expressly warning that failure to do so would result in dismissal

2

of this action.  (ECF No. 9).  Plaintiff did not comply with the Court's order and the filing fee remains unpaid.

Federal courts possess certain "'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).  Plaintiff's failure to either file a completed IFP application or pay the required filing fee warrants dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  *See Duneske v. FBI*, No. 23-11778, 2024 WL 1660534, at *1 (E.D. Mich. Apr. 17, 2024); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Bomer v. Lavigne*, 76 F. App'x 660, 662 (6th Cir. 2003); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).

For the reasons set forth above, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.  Plaintiff failed to pay the filing fee as ordered by the District Court despite clear notice and an opportunity to do so.  *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days

after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

636(b)(1). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum.

Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981). The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this R&R. *Willis v.

Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit

Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate

judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.

Any objection must recite precisely the provision of this R&R to which it pertains.

Not later than 14 days after service of an objection, the opposing party may file a

concise response proportionate to the objections in length and complexity. Fed. R.

Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to

Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that

any objections are without merit, it may rule without awaiting the response.

Date:  January 12, 2026                          s/PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge